UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ALFREDO BARAJAS RAMOS,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No.  23-cv-03111-VC<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 14 |

The motion to remand is denied. Removal is proper when the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B). A defendant has 30 days to remove from receipt of the initial pleading. 28 U.S.C. § 1446(b). But if the initial pleading is indeterminate as to whether removal is proper, a defendant may remove within 30 days of receiving a paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Here, Ford removed within 30 days of learning the purchase price of the vehicle at issue in the complaint. Ramos contends removal was untimely because it occurred more than 30 days after Ford received the complaint. For Ramos's argument to succeed, the grounds for removal must have been "revealed affirmatively in the initial pleading." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005).

Based on the four corners of Ramos's complaint, it is not clearly evident that removal was proper. The complaint does not state an amount of damages sought, nor does it allege the price paid for the vehicle, whether it was new or used, or what the mileage was when purchased. It is not inconceivable that Ford could have estimated the value of the vehicle and, together with

the request for double civil damages and attorneys' fees, reasonably determined removal was proper. However, "the fact remains [] that we don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) (citation omitted).

**IT IS SO ORDERED.**

Dated: September 22, 2023

_____
VINCE CHHABRIA
United States District Judge